## No. 49
### STERNFIELD, Admx. v. CHARDON (Village) et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6304. Decided May 24, 1926

465. ERROR—Where only ground for directing verdict for defendant is that co-defendant was dismissed from the case, this action is erroneous and judgment reversed.

PER CURIAM.

Rose Sternfield, as administratrix of the es-

tate of Edward Sternfield, deceased, brought an action in the Cuyahoga Common Pleas against the Village of Chardon and the B. & O. R. R. Co. to recover for the death of her husband. Upon motion of the defendants the court directed a verdict in their favor. The reason for directing the verdict in favor of the Railroad Company was because of falure of proof on the allegation of negligence.

The reason for directing a verdict in favor of the Village was because the court held there was no jurisdiction in the Cuyahoga Common Pleas to proceed with the case against the Village, as the assumption of jurisdiction in the case of the Village was due solely to its having been joined with the Railroad Co. as party defendant, of whose case the Common Pleas court had no jurisdiction. The Court of Appeals held:

1. The lower court held that since the case against the Railroad Co. must be dismissed for failure of proof as to the allegation of negligence on its part, the case stands as if it were originally brought against the Village alone, which could not have been brought in the Cuyahoga Common Pleas.

2. In order to give the court jurisdiction over joint defendants who are non-resident of the county where suit is brought and for whom summons has been issued in another county, the averments of the petition and the proof at the trial must show that plaintiff had a valid cause of action against the defendants on whom valid service is had as well as against the non-resident defendants. 100 OS. 73.

3. The Village filed no motion to quash, but filed among other pleadings, an answer. In absence of a motion to quash, stating specifically that the party appears merely for the purpose of the motion the filing of an answer, causes the jurisdiction of the court to attach and continue to exist notwithstanding the fact that the Railroad Co. was dismissed from the case.

4. Since the sole ground in directing a verdict in favor of the Village was because the Company was dismissed from the case, that action of the court was erroneous.

5. Judgment reversed and cause remanded as to the Village of Chardon and affirmed as to the Railroad Co.

Judgment accordingly.

(Levine, PJ., Sullivan & Vickery, JJ., concur.)

Attorneys—Moore, Mahon, Miller & Moore; Cleveland, for Sternfield; H. J. Thraser, Chardon, for Village; Tolles, Hogsett, Ginn & Morley, Cleveland, for Company.